JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SANDOVAL,<br><br>    Plaintiff,<br><br>    v.<br><br>DON ROBERTO JEWELERS, INC., and<br>DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 5:25-cv-00206-JWH-DTBx<br><br>**ORDER GRANTING PLAINITFF'S MOTION TO REMAND [ECF No. 10]** |

Before the Court is the motion of Plaintiff Michael Sandoval to remand this action to San Bernardino County Superior Court.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] and in light of Sandoval's Amended Complaint,[3] the Court **GRANTS** Sandoval's Motion.

## I. BACKGROUND

Sandoval commenced this action against Defendant Don Roberto Jewelers, Inc. in San Bernardino Superior Court in November 2024.[4] Sandoval, who has disabilities that limit his sight, originally asserted two claims for relief: (1) violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101-12189; and (2) violation of the Unruh Civil Rights Act, Cal. Civ. Code. §§ 51-53.[5] Both of those claims arise from a visit that Sandoval made to the Don Roberto Jewelers website, during which Sandoval discovered "unlabeled buttons, lack of Alt-text, [insufficient navigational] structure of the headings and Website, cursor traps, and other barriers."[6]

---

[1] Pl.'s Corrected Mot. to Remand Case to San Bernardino County Superior Court (the "Motion") [ECF No. 10].

[2] The Court has considered the documents of record in this action, including the following papers: (1) Notice of Removal (the "Notice") [ECF No. 1]; (2) Compl. (the "Complaint") [ECF No. 1-1]; (3) Motion; (4) Def.'s Opposition to the Motion (the "Opposition") [ECF No. 12]; and (5) First Amended Compl. (the "Amended Complaint") [ECF No. 15].

[3] *See* Amended Complaint.

[4] *See id.*

[5] *See generally id.*

[6] *Id.* at ¶¶ 52 & 53.

In January 2025, Don Roberto Jewelers removed this action to this Court on the basis of federal question jurisdiction.[7] Sandoval then filed the instant Motion, in which he argues that although the ADA claim arises under federal law, the action should be remanded to state court because Sandoval lacks Article III standing.[8] Don Roberto Jewelers opposes Sandoval's Motion.[9] In March 2025, Sandoval filed his Amended Complaint, removing his ADA claim for relief.[10] The Court issued an Order to Show Cause in an effort to determine whether Sandoval's amendment was allowable under the Federal Rules of Civil Procedure.[11]

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). When Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.*

---

[7]     *See* Notice.
[8]     *See* Motion.
[9]     *See* Opposition.
[10]     *See* Amended Complaint.
[11]     Order to Show Cause regarding Pl.'s Amended Complaint [ECF No. 20].

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Id.* at 33. As such, a defendant may remove a civil action in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332.

The right to remove is not absolute, even when original jurisdiction exists. The removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (quotation marks omitted). Any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### III. ANALYSIS

Sandoval amended his Complaint as a matter of course, pursuant to Fed. R. Civ. Pro. 15(a)(1)(B). Although he made that amendment more than 21 days after effecting service of the original Complaint, Don Roberto Jewelers has not filed a responsive pleading. As such, Sandoval's right to amend his pleading as a matter of course has not lapsed. *See* Fed. R. Civ. Pro. 15(a)(1)(B) 2023 Advisory Comm. Notes ("the right to amend continues without interruption until 21 days after the earlier of the events described in Rule 15(a)(1)(B)."). Accordingly, Sandoval's Amended Complaint is the operative pleading.

Sandoval's operative Amended Complaint does not allege a claim in which a federal question exists, so this Court no longer has jurisdiction over this action. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) ("When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says.  If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves.  With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims."). Pursuant to the foregoing, this action must be remanded to San Bernardino County Superior Court.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Sandoval's Motion to Remand [ECF No. 10] is **GRANTED**.
2. This case is **REMANDED** to San Bernardino County Superior Court.

**IT IS SO ORDERED.**

Dated: April 9, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE